UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                                                      Case No. 23-cr-20100
       v.                                        HON. MATTHEW F. LEITMAN


D-1   CALVIN ZASTROW,
D-2   CHESTER GALLAGHER,
D-3   HEATHER IDONI,
D-5   JOEL CURRY,
D-6   JUSTIN PHILLIPS,
D-7   EVA EDL, and
D-8   EVA ZASTROW,

                     Defendants.

_____/


**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
GALLAGHER'S UNTIMELY MOTION TO DISMISS THE INDICTMENT**

The United States, through undersigned counsel, respectfully opposes

Defendant Gallagher's untimely motion to dismiss Count One of the Indictment

because Defendant Gallagher has failed to show good cause for his untimeliness,

and because his claim fails on the merits.  Defendant Gallagher cites to a recent

decision while regurgitating an old argument, claiming that the felony conspiracy

count with which he is charged is improper because the underlying conduct, absent

the conspiracy, is only a misdemeanor.  This Court and others have already

rejected the defendant's argument, and the new case the defendant cites adds nothing to the analysis.

For these reasons, as briefed below, the Court should deny Defendant Gallagher's untimely motion to dismiss Count One.

## I.      Defendant Gallagher's Motion is Untimely.

Defendant Gallagher filed the present Motion to Dismiss more than one year past the Court's deadline for pretrial motions.  (ECF No. 66, PageID.143).  A district court may only entertain an untimely motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3).  Defendant Gallagher claims that the Court should consider his motion because it is "based on a very recent Supreme Court decision" -- *Fischer v. United States*, 144 S. Ct. 2176 (2024).  (ECF No. 314, PageID.1770).

Although Defendant Gallagher cites a recent decision, none of his arguments actually relies on that decision.  *Fischer* is a case involving the interpretation of an entirely different statute.  Defendant Gallagher has failed to show how the Supreme Court's analysis of the proper scope of a residual clause criminalizing entirely different conduct would in any way impact the sufficiency of Count One of the Indictment in this case.  Rather, Defendant Gallagher cites *Fischer* while making arguments that were available a year ago, when this motion

should have been filed.[1]  Of note, the defendant could have at least filed this

motion in early July, as opposed to two weeks before trial: on July 8, Defendant

Gallagher's stand-by counsel filed a motion containing nearly identical arguments

– citing *Fischer* – in a Motion for Release Pending Appeal in the Middle District of

Tennessee, where Mr. Crampton represents Paul Vaughn.  *United States v.*

*Gallagher, et al*, 3:22-cr-327, Doc. 666, (M.D. Tenn.).[2]

     Because Defendant Gallagher has not identified any new *applicable* law, this

Court should deny his motion as untimely.

    **II.**    **Defendant Gallagher's arguments fail on the merits.**

---

[1] In a similar prosecution of pro-choice activists who spray-painted threats on crisis pregnancy centers, a defendant filed a motion to dismiss on May 4, 2023, in which she raised essentially the same arguments that Defendant Gallagher raises now.  *See United States v. Freestone et. al*, Case No. 8:23-cr-25, ECF No. 102 (Defendant Oropesa's Motion to Dismiss Count I of the Indictment) (M.D. Fla.).  That motion was timely, and the Middle District of Florida denied it on the merits.  2023 WL 4824481, at *4 – *5 (M.D. Fla. July 2023).

[2] The signature block and content of Defendant Gallagher's motion suggest that it was written by Defendant Gallagher's standby counsel; and on July 30, 2024, Mr. Crampton filed a nearly verbatim *Fischer*-based argument in a Motion to Stay Paul Vaughn's Sentence Pending Appeal.  *United States v. Paul Vaughn*, Case No. 24-5615, Doc. No. 6 (6th Cir.).  "The right to defend pro se and the right to counsel have aptly been described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other."  *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970). *See also United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004) ("By electing to exercise his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel").

On the merits, Defendant Gallagher's argument is a replay of the defendants' already-rejected complaint that a conspiracy involving conduct that – on its own – is a misdemeanor, ought not be the basis of a felony civil rights conspiracy. *See, e.g.*, ECF No. 77, PageID.216 (Defendant Curry's Motion to Dismiss) (joined by Defendant Gallagher).  His citations to *Fischer* add nothing new to these arguments.

### a.  *Fischer* does not provide any applicable legal principles.

In *Fischer*, the Supreme Court interpreted the residual clause of 18 U.S.C. § 1512(c)(2), a statute prohibiting the obstruction of official proceedings, which provides that a person who corruptly "otherwise obstructs" an official proceeding commits a federal crime.  *Fischer*, 144 S. Ct. at 2183.  In resolving the meaning of the residual clause, the Supreme Court relied on longstanding principles:  Latinate statutory canons (*noscitur a sociis* and *ejusdem generis*); the specific context of § 1512(c)(2) within the obstruction statute; and the broader context of the statute as a whole.  *Id.* at 2183–84.

Defendant Gallagher cherry-picks lines from the statutory interpretation principles in *Fischer* to support his non-statutory-interpretation arguments. Defendant Gallagher has identified no problems of statutory interpretation that would warrant consideration of the legislative history of the FACE Act.  In other words, the Supreme Court's analysis of legislative history to interpret the residual

clause of an obstruction statute has nothing to do with whether this Court should analyze the legislative history of the FACE Act to determine whether the right it secures is the proper basis of a civil rights conspiracy.

### b. *Talevski* reinforces this Court's conclusion that the FACE Act confers a federal right.

Defendant Gallagher concedes that this Court and others have already determined that the FACE Act confers a right secured by the laws of the United States.  (ECF No. 314, PageID.1773).  But he cursorily contends that *Health and Hospital Corp. of Marion Cty. v. Talevski*, 599 U.S. 166 (June 8, 2023) perhaps changes that calculation. (*Id.*, PageID.1774).  It does not.  In fact, *Talevski* supports this Court's conclusion that the FACE Act confers a federal right.

In *Talevski*, the Supreme Court considered whether certain provisions of the Federal Nursing Home Reform Act (FNHRA) conferred individual rights, and, finding that they did, whether those rights were enforceable under 42 U.S.C. § 1983. 599 U.S. at 182–83.  The *Talevski* decision is relevant to the present matter in its analysis of whether a statute confers an individual right. The second part of the decision, whether an individual right is enforceable under § 1983, is irrelevant to this case. Enforceability under § 1983 and enforceability under § 241 are distinct questions and require distinct analyses.

Section 241 makes it unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States in the free exercise or

enjoyment of *any right or privilege secured by the* Constitution or *laws* of the

Unites States. 18 U.S.C. § 241. Section 1983 provides an individual right to sue

state actors who cause a deprivation of *any rights*, privileges, or immunities

secured by the Constitution and *laws* of the United States. 42 U.S.C. § 1983. Both

statutes protect rights secured by the laws of the United States, but in different

ways. For either statute, to determine whether a law of the United States secures an

individual right, courts must use the framework set out by the Supreme Court in

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002).  *Talevski*, 599 U.S. at 183.

In *Talevski*, the Supreme Court reiterated in no uncertain terms that when

Congress included "any right . . . secured by the . . . laws" of the United States,

with no modifiers, Congress meant what it said: "'laws' means 'laws.'" 599 U.S. at

177 (*citing Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). The Supreme Court was

clear: *any* federal law can secure an individual right. *Id.* at 5. To the extent that

Defendant Gallagher asserts that the FACE Act is somehow an exception to the

rule that any law can secure an individual right, his argument is plainly foreclosed

by *Talevski*. *See* ECF No. 314, PageID.1774 (asserting that, despite the clear

language of *Talevski*, "laws" does not always mean "laws.").

### c.  The right secured by the FACE Act is enforceable via § 241.

Having conceded that the FACE Act secures a federal right (as this Court

has already ruled), Defendant Gallagher argues that it ought not be enforceable via

§ 241 because the legislative history of the FACE Act includes statements that

individual first-time offenders participating in a "rescue" are subject to

misdemeanor penalties.  (ECF No. 314, PageID.1776).  The government believes

that this Court considered and rejected this argument at the September 20, 2023,

motions hearing in this case.  (ECF No. 128, PageID.508).[3]  And, as Judge Trauger

explained in response to a similar argument,

> a § 241 conspiracy charge based on a conspiracy to violate FACE Act *rights*
> is not the same thing as a charge under the FACE Act. The defendants'
> argument is not so much one based on any statutory language—which it is
> not—but on the fact that it simply seems, to them, unfair to consider it a
> felony to conspire to commit some misdemeanors. Whatever the moral
> persuasiveness of that thought, the defendants are asking this court to
> second-guess both the legislative decisions of Congress and the charging
> decisions of the Executive in a way that this court has no power to do.

*United States v. Gallagher*, 680 F. Supp. 3d 886, 905 (M.D. Tenn. 2023) (emphasis

added); *see also Freestone*, 2023 WL 4824481, at *6 (adopting Judge Trauger's

reasoning).

Furthermore, Defendant Gallagher's argument that the acts prohibited by the

FACE Act can only be enforced via the remedies available within the four corners

of the Act (ECF No.314, PageID.1775) ignores the plain language of the statute

and clear intent of Congress:  the FACE Act shall not "be construed to provide

---

[3] The Government does not have the transcripts of the September 23, 2023, motions
hearing, but recalls the Court asking specifically about other examples of felony
conspiracy charges where the underlying conduct was a misdemeanor.

exclusive criminal penalties with respect to the conduct prohibited" by the Act. 18 U.S.C. § 248(b). "This language weighs against the argument that Congress intended the criminal penalties and civil remedies enumerated in the FACE Act to preclude enforcement through Section 241 or other means." *Freestone*, 2023 WL 4824481, at \*5; *see also United States v. Johnson*, 390 U.S. 563 (1968) (holding that the right to public accommodation established by § 201 of the Civil Rights Act of 1964 created a right enforceable under § 241 in part because the language of the statute stated that it shall not preclude other remedies, civil or criminal, that may be available).

Defendant Gallagher asks this Court to reach a different conclusion by relying on the statements he has selected from the legislative history of the FACE Act. But there are no problems of statutory interpretation before this Court; peering into the legislative history of the FACE Act is not required. Defendant Gallagher has identified no ambiguity in either the FACE Act or § 241. "Statutory interpretation starts (and customarily ends) with the text of the statute." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 761 (6th Cir. 2020). Analysis of legislative history, like "any guide to statutory construction, only serves as an aid for resolving ambiguity; it is not to be used to beget one." *Callanan v. United States*, 364 U.S. 587, 593 (1961).

Although the defendants repeatedly complain that the penalties provided in §

241 are too harsh, those complaints are not based in law and provide no

justification for dismissing Count One of the Indictment.  Every court to consider

the issue has held that the FACE Act secures a federal right, and that the right is

enforceable under §241.  *See, e.g., United States v. Williams*, No. 1:22-cr-00684

(JLR), 2023 WL 7386049, at *1 (S.D.N.Y. Nov. 8, 2023); *United States v.*

*Freestone*, No. 8:23-cr-25-VMC-AEP, 2023 WL 4824481, at *6 (M.D. Fla. July

27, 2023); *United States v. Handy*, No. 22-096 (CKK), 2023 WL 4744057 (D.D.C.

July 25, 2023).

The Supreme Court's longstanding conspiracy jurisprudence further compels

this conclusion.  "The distinctiveness between a substantive offense and a

conspiracy to commit [it] is a postulate of our law."  *Callanan*, 364 U.S. at 593.

"[C]ollective criminal agreement—partnership in crime—presents a greater

potential threat to the public than individual delicts." *Id.*  "For example, in *Clune v.*

*United States*, 159 U.S. 590 (1895), the Court upheld a two-year sentence for

conspiracy over the objection that the crime that was the object of the unlawful

agreement could only be punished by a $100 fine." *Id.*  "A conspiracy to commit

an offense is denounced as itself a separate offense, and the punishment therefor

fixed by the statute, and we know of no lack of power in congress to thus deal with

a conspiracy. Whatever may be thought of the wisdom or propriety of a statute

making a conspiracy to do an act punishable more severely than the doing of the

act itself, it is a matter to be considered solely by the legislative body." *Clune*, 159

U.S. at 595.

At least one court has specifically held that *civil rights* conspiracies, under §

241, are not limited by the sentences available for the underlying conduct.  In

*United States v. Hayward*, the Northern District of Illinois considered the argument

that § 241 is unconstitutional as applied where it provides a felony conviction for

conduct that constitutes a misdemeanor under the statute conferring the relevant

federal right. 764 F. Supp. 1305, 1308 (N.D. Ill. 1991).  The court easily

determined that the argument was flawed:

> "If defendants were attacking a charge under 18 U.S.C. § 371, they would be correct in asserting that the sentence for a conspiracy to commit a misdemeanor could not exceed the maximum sentence of the underlying misdemeanor offense.  But, a conspiracy under 18 U.S.C. § 241 is a different story. 18 U.S.C. § 241 stands as a felony in its own right.  Unlike § 371, § 241 is not dependent on a substantive offense to establish the parameters of the conspiracy. Rather, the offense is explicitly set out in the statute. A Conspiracy Against Rights prohibits a conspiracy or agreement to injure, oppress, threaten or intimidate any person in any State in the free exercise or enjoyment of rights secured by the Constitution or federal laws.  As pointed out by Judge Posner in *United States v. D'Antoni,* 874 F.2d 1214, 1221 (7th Cir.1989), 18 U.S.C. § 241 is a "special conspiracy statute with suitably severe penalties."

*Id.*  "In sum, the danger which a conspiracy generates is not confined to the

substantive offense which is the immediate aim of the enterprise." *Callanan*, 364

U.S. at 594.

10

Defendant Gallagher has presented no law, new or otherwise, calling into question this longstanding, well-settled law.  "Rather, he asks this Court to second-guess both the legislative decisions of Congress and the charging decisions of the Executive in a way that this court has no power to do."  *Gallagher*, 680 F. Supp. at 905.  This Court should reject his request.

**CONCLUSION**

Because Defendant Gallagher has failed to show good cause for his untimely motion, and because it fails on the merits, the Government respectfully asks that Defendant Gallagher's motion to dismiss be denied.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

Laura-Kate Bernstein
Trial Attorney
Civil Rights Division, USDOJ
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 598-3519
Laura-Kate.Bernstein2@usdoj.gov

Frances Lee Carlson
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9696
frances.carlson@usdoj.gov

Sunita Doddamani
Assistant United States Attorney

211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9573
sunita.doddamani@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and sent a copy of the foregoing document to the following non-ECF participants via email: **Heather Idoni** (heather@familyclassroom.net) and **Chester Gallagher** (chetgallagher@gmail.com).

Laura-Kate Bernstein
Trial Attorney
Civil Rights Division, USDOJ
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 598-3519
Laura-Kate.Bernstein2@usdoj.gov

1