UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 23-20100

vs.

                                  Hon. Matthew F. Leitman

JOEL CURRY,

        Defendant.

_____

## JOEL CURRY'S REPLY TO GOVERNMENT OBJECTIONS (R. 354)

Regarding multiple exhibits, but beginning with **Curry Exhibtis A1 and A2**, the Government cites, *United States v. Mendez*, 303 Fed.Appx. 323, 325-26 (6th Cir. 2008) for the proposition that "[i]n order to be admissible under Rule 803(3), the statement must have been contemporaneous with the declarant's experience of the mental, emotional, or physical condition referred to when the declarant did not have 'an opportunity to reflect and possibly fabricate or misrepresent his thoughts.'" *Id*. (quoting *United States v. LeMaster*, 54 F.3d 1224, 1231 (6th Cir. 1995)).[1]

---

[1] Government Objections, R. 354, PID 2094.

In *Mendez*, the defendant sought to admit statements that he made two days after arrest to a government agent; these statements were offered to support a duress defense.  The Sixth Circuit held that the statements were inadmissible under FRE 803(3) were inadmissible because the statements were two days after the crime and under interrogation.  Thus, the statements could not be used to show his state of mind two days earlier when he was not being interrogated.  *Id*. at 326.

Likewise, in *LeMaster*, *supra*, the defendant sought to introduce a statement that he made to law enforcement 24 hours after being interviewed by a special agent, when the defendant" knew he was under investigation and the FBI had tape recorded proof that he accepted cash…." *Id*. at 1231.  The Sixth Circuit held that the statements were not made contemporaneously with the alleged event that caused the state of mind and because 24 hours after being interviewed by federal law enforcement provided sufficient time to fabricate.  *Id*. at 1231-32.

Here, all statements in these videos are made contemporaneously with the events.  The cases cited by the Government are inapposite.

Regarding **Curry Exhibit A3**, the Government objects on the bases above, i.e. the statements are not excepted under FRE 803(3) because they are not contemporaneous. Further, the Government argues that FRE

801(d)(2) bars a party's own statements, citing *United States v. Ford*, 761 F.3d 641, 651-52 (6th Cir. 2014) and *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).[2]  These cases do not support the Government's argument.  Rather than establishing a rule against admission of a party's statement, or that of a co-defendant, the cases rely on the unremarkable proposition that FRE 801(d)(2) is not an exception to hearsay available to the party for it's own statements, the exception is limited to admitting statements of a party opponent.

In its objection to **Curry Exhibit A10**[3], the Government seems to rework the defense argument by claiming that the defense confuses motive and intent.  However, as the Government seems to be confused, the argument in its most basic form is: motive is relevant to intent, though they are not the same.[4]  Cogently, the Fifth Circuit explained that, while motive may not be an element, motive is relevant to help establish why someone committed an offense because it is "'the reason that nudges the will and prods the mind to indulge the criminal intent.' "*… '*Motive' is '[s]omething ... that leads one to act..'" *United States v. Kinchen*, 729 F.3d 466, 472 (5th Cir. 2013)(quoting *United States v. Benton*, 637 F.2d 1052, 1056 (5th Cir.

---

[2] Id. at PID 2095.

[3] Id. at PID 2098-2100.

[4] The Government agrees that evidence if motive is relevant to prove intent.  See *United States v. Stone*, 852 F.Supp.2d 820, 829-30, 831, 835 (E.D. Mich.).

1981); Black's Law Dictionary 1039 (8th Ed. 2004).  The Federal Rules of Evidence recognize the general relevance of motive in Rule 404(b)(2), which states that other acts are admissible to prove "motive, opportunity, intent, …."

Motive and what anyone thought of the law has been made relevant by the Government's witnesses and exhibits.  Exhibit 4F was objected to by the defense and the Government pressed it cause by arguing that the statements of non-witness Renee Chelian and Officer regarding federal law should be admitted.  Caroline Davis has given a lecture regarding her understanding of the FACE Act.  The Government's argument that it is more prejudicial than probative when Justin Phillips states his belief that abortion was illegal in Michigan seems too rich to swallow.

Respectfully submitted,

By:   /s/ Ryan Hugh Machasic
RYAN HUGH MACHASIC
Attorney for Defendant
32121 Woodward Ave., PH 9
Royal Oak, MI 48073
Phone: 586.914.6140
ryan@machasiclaw.com

# CERTIFICATE OF SERVICE

I, Ryan Hugh Machasic, hereby certify that on August 12, 2024, I electronically filed the foregoing document, with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: attorneys of record.

Respectfully submitted,

By:   /s/ Ryan Hugh Machasic
RYAN HUGH MACHASIC
Attorney for Defendant
32121 Woodward Ave., PH 9
Royal Oak, MI 48073
Phone: 586.914.6140
ryan@machasiclaw.com